**WO**                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 08-380-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| G. Yen Phan, et al., | |
| Defendants. | |

Plaintiff Francis A. Grandinetti, II,[1] who is confined in the Corrections Corporation of America facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.      "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[1] Plaintiff labels his Complaint as a class action. However, no other Plaintiffs are named and Plaintiff is the only person who signed the Complaint.

1 claim upon which relief may be granted, unless the prisoner is under imminent danger of
2 serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that
3 does not raise retroactivity concerns, cases that were dismissed before the effective date of
4 § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
5 v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in*
6 *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
7 §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th
8 Cir.1996).

9 More than three of the prior actions Plaintiff has filed in federal courts have been
10 dismissed as frivolous, malicious, or as failing to state a claim. See Grandinetti v. Iranon,
11 CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
12 Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
13 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

14 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
15 the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C.
16 § 1915(g).

17 **II.   Failure to Allege Imminent Danger of Serious Physical Injury**

18 Although factually vague, all of Plaintiff's claims appear to relate to past incidents
19 which occurred from February 2007 through September 2007. An allegation of past harm
20 does not constitute a credible allegation that Plaintiff is in imminent danger of serious
21 physical injury as required by 28 U.S.C. § 1915(g) in order for Plaintiff to bring this action
22 without complete pre-payment of the $350.00 filing fee. Accordingly, the Complaint and
23 this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure
24 to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he
25 must pre-pay the entire $350.00 filing fee when he files his action.

26 ///
27 ///
28 ///

1    **IT IS ORDERED**:

2    (1)    Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28
3    U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied
4    by the full $350.00 filing fee.

5    (2)    The Clerk of Court must enter judgment accordingly and close this case.

6    DATED this 4th day of March, 2008.

_____
Mary H. Murguia
United States District Judge